## FULLER *v.* CORKER MOTOR CAR COMPANY.

The petition does not set forth a case entitling the plaintiff to the relief sought, and it should have been dismissed upon general demurrer.
JANUARY 11, 1912.

Equitable petition. Before Judge Bell. Fulton superior court. November 25, 1910.

*Batchelor & Fuller,* for plaintiff in error.

*Evins & Spence* and *Jerome Moore,* contra.

BECK, J. The Corker Motor Car Company filed an equitable petition against M. Z. L. Fuller, and alleged, in substance: That at the time the plaintiff company was being organized Fuller represented to the organizers that he had a contract with the Haynes Automobile Company, of Indiana, which was reasonably worth $5,000, and proposed to transfer the same to the plaintiff corporation for $5,000 of stock in said company; that his offer was accepted and the stock was issued to him; "that when the time came for M. Z. L. Fuller to transfer and assign his contract with the Haynes Automobile Company to the Corker Motor Car Co., as he had agreed to do, he produced a printed form of contract which he stated embodied all the terms and conditions of the original contract existing between him and the Haynes Automobile Company, covering the Southern territory, and which was binding and of full force and effect between them, [and]

that said Haynes Automobile Company would make, at his instance and request, a like contract with your petitioner direct, in lieu of the contract which existed between him and that company." Petitioner further alleged, that, "relying upon such representations, it agreed to take a contract direct, and did receive a contract made with the Haynes Automobile Company;" but it has since discovered that at the time Fuller represented that he had a contract with the Haynes Company he had no such contract, but was an agent in the employment of that company, sent to this territory for the purpose of placing such a contract. The petition also contains the following allegations:

"13. That on or about May 23, 1910, at a regular meeting of the Board of Directors, a motion was made and carried, that whereas the said Fuller was grossly incompetent of performing the duties of sales manager of the company [the petitioner], that his position as sales manager should cease on May 31st, 1910, and that his compensation for the same should cease on the same date.

"14. That since that time, to wit, June 15th, 1910, the said Fuller, although having been discharged by the Board of Directors and his salary discontinued, still continues to assert his authority as sales manager and has given and is giving the officers of said company all manner of trouble, in that he stays around the place of business of the company, gives orders to the clerks, stenographers, and help in general, and persists in answering the mail, and in general making himself obnoxious to every one concerned, to the great injury to the business of the Corker Motor Car Co."

Petitioner prays for a decree cancelling the stock issued to Fuller, and that he be enjoined from interfering with the business and affairs of petitioner in the manner alleged. The court overruled a general demurrer to the petition, and the defendant excepted.

The petition does not set forth a case entitling the plaintiff to relief in a court of equity, and the general demurrer to the same should have been sustained. While it is true, according to the allegations in the petition, that the statement of the defendant first made to the proposed incorporators of the Corker Motor Car Co., to the effect that "he was the owner of a contract from

the Haynes Automobile Company" was not true, and he was not in a position at the time this statement was made to transfer said contract to the company as organized or then to be organized, and that this fact would, upon its discovery, have justified the incorporators in then refusing to deliver the stock to Fuller, if it had not already been delivered, or in demanding its return and cancellation if it had been delivered, they did not take either of these steps; but, after the defendant had produced a printed form of contract which he stated embodied all the conditions of the original contract between him and the Haynes Automobile Company, upon his representation that the Haynes Company would make a like contract directly with the incorporators, they proceeded to negotiate with the Haynes Company, with which company it is a necessary inference from the petition they were brought into relations through the defendant himself and his existing connection with the last-named company. The plaintiff company was organized for the purpose of selling automobiles. The organizers desired a contract with a motor-car company. They obtained the contract with the Haynes Company, the very company with which the defendant in the first instance had proposed to secure them a contract. It is true he had proposed to secure it by transferring a contract which he untruthfully represented to be already in his possession; but it subsequently appearing that he did not have it, he proposed to put the incorporators in the way of getting the contract. They acted upon his suggestions in regard to the matter; they availed themselves of the defendant's knowledge of the Haynes Automobile Company's desire to have an agency for the handling of automobiles in this territory. The only difference between what the plaintiff received and that which its organizers expected from the defendant was a direct contract with the Haynes Company instead of a transferred contract. There is no suggestion that the contract which was finally made with the Haynes Company was not as desirable and as valuable as the one which the defendant had proposed to transfer to them. It does not appear that the plaintiff company could have secured this contract with the Haynes Company but for the knowledge of the defendant as to the situation of the Haynes Company and his advice and representation. And we do not think that the plaintiff, having se-

cured the contract with the Haynes Company under the circumstances shown in the petition, is entitled to have the stock issued to Fuller surrendered up and cancelled, as it prays. In this connection see the case of *Forlaw* v. *Augusta Naval Stores Co.*, 124 *Ga.* 261 (52 S. E. 898). Moreover, it appears that this contract with the Haynes Company was a profitable one, and that, after it was made, the defendant in this case acted as sales manager for the plaintiff company, and was finally dismissed from that position, not because of his misrepresentations in regard to the contract with the Haynes Company, but on the ground that he was incompetent to perform the duties pertaining to that position.

Nor do we think that the bill should have been retained for the purpose of granting injunctive relief against Fuller, on the ground that he was interfering with the affairs of the plaintiff company, its employees and agents. The petition fails to allege facts authorizing an injunction. Among other deficiencies, it is not distinctly alleged that the defendant has been notified of the fact of his dismissal, nor that he has been requested to remain away from the office or to desist from the acts which are set forth as the basis of the complaint against him.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*