28514. ATLANTIC MUTUAL FIRE INSURANCE COMPANY *v.* McKENZIE.

DECIDED OCTOBER 5, 1940.

*Smith, Smith & Bloodworth,* for plaintiff in error.
*Leonard Farkas, Walter H. Burt,* contra.

PER CURIAM. This is a suit on a fire-insurance policy. The petition alleged substantially, that the defendant company issued to the plaintiff its policy covering a certain dwelling, the face amount of the policy being $2500; that on or about March 30, 1938, the dwelling was destroyed by fire; that the value of the dwelling exceeded the amount of insurance carried thereon under the policy of the defendant; that proofs of loss were submitted to the defendant, and were retained by the defendant without complaint or objection; that parties were unable to agree on the amount of the loss or damage to the dwelling, and defendant, as it had a right to do, demanded that the amount of loss be submitted to arbitration, and that in September, 1938, it was so submitted; that each party appointed a named arbitrator; that the arbitrators rendered an award, on or about October 31, 1938, finding that the sound value of the dwelling was $4000 and the loss and damage thereto was $1846; that in accordance with this award the defendant, on November 11, 1938, wrote to the plaintiff, advising of the award and enclosing its check for $1846; that plaintiff could not understand why the check was for a smaller amount than the face value of the policy, and upon inquiry learned that the appraiser appointed by

her was improper and biased and was in the employment of the defendant company; that the company had agreed to pay his fee and did pay his fee; that this was unknown to the plaintiff at the time of the appointment of the appraiser, and she did not receive such information or knowledge until after November 11, 1938; that by reason of said facts the award was void and should be canceled and set aside; that plaintiff advised defendant on numerous occasions of her position and refusal to accept the award of the appraisers, and has demanded the full amount of damages done to the dwelling; that the defendant has refused to pay the amount of damages, in the sum of $2500, and the refusal was in bad faith; that in addition to the face of the policy the defendant is indebted to the plaintiff $300 attorney's fees and 25 per cent. damages. She prays judgment for $2500 and interest, $300 attorney's fees, and 25 per cent. damages, and that the award be declared void and canceled.

The defendant filed its general and special demurrers. The special demurrers were not passed on. The judge of the trial court overruled the general demurrer. To that order the defendant excepted pendente lite, and on the same day filed a direct bill of exceptions, which was certified, and which did not assign error on the exceptions pendente lite, nor did it specify the exceptions pendente lite as a part of the record. The sole assignment of error was on the overruling of the general demurrer. The plaintiff below filed her motion to dismiss the writ of error, because exceptions pendente lite were filed, and thereby, as it was contended the ruling on the demurrer became interlocutory, and a direct bill of exceptions could not be taken until a final disposition of the case. A certified copy of the exceptions pendente lite was attached to the motion to dismiss.

The motion to dismiss the writ of error is overruled. "Where on the trial of a case exceptions pendente lite are filed to an interlocutory ruling of the court, which, if rendered as contended for by the complaining party, would finally dispose of the case, the excepting party can come to this court by direct bill of exceptions filed within thirty days from the date of the decision complained of." *Reed* v. *Warnock,* 146 *Ga.* 483 (2) (91 S. E. 545). The decision in *Newton* v. *Roberts,* 163 *Ga.* 135 (135 S. E. 505), cited by counsel for the defendant in error, states that the

ruling in the case of *Durrence* v. *Waters,* 140 *Ga.* 762 (79 S. E. 841) will not be extended beyond the facts of that particular case. *Durrence* v. *Waters,* supra, apparently holds that where exceptions pendente lite were taken to the judgment overruling a general demurrer, the ruling on demurrer became a pendente-lite ruling which is reviewable only after the termination of the case on exceptions taken to the final judgment. An examination of the record in that case discloses that no exception was taken to the final judgment, but that error was assigned on the *exceptions pendente lite.* In the case at bar the bill of exceptions makes no mention of the exceptions pendente lite, nor is there any specification in the bill of exceptions of the exceptions pendente lite. The error assigned is not on the exceptions pendente lite, but on the ruling contained therein, which was a final judgment.

■ It was error to overrule the general demurrer on the ground that the petition failed to allege that the insurance company's check for the amount of the award had been returned to the company, or that it had been tendered to it. Code, § 20-906; *Jordy* v. *Dunlevie,* 139 *Ga.* 325 (77 S. E. 162); *Finch* v. *Hill,* 146 *Ga.* 687 (92 S. E. 63); *Williams* v. *Fouché,* 157 *Ga.* 227 (121 S. E. 217); *Henderson* v. *Lott,* 163 *Ga.* 326 (136 S. E. 403); *Manget* v. *Cunningham,* 166 *Ga.* 71 (142 S. E. 543); *Miller* v. *Roberts,* 9 *Ga. App.* 511 (71 S. E. 927); *Widincamp* v. *Patterson,* 33 *Ga. App.* 483 (127 S. E. 158). The rulings in *Bankers Health & Life Insurance Co.* v. *Middleton,* 58 *Ga. App.* 715 (190 S. E. 351), and *Bankers Health & Life Insurance Co.* v. *Griffeth,* 59 *Ga. App.* 740 (1 S. E. 2d, 771), are not contrary to what is herein held, because in those cases the beneficiary was in any and all events entitled to the amount retained by the beneficiary. In this case, a suit on a policy of fire insurance, the questions to be decided are whether the insured is entitled to recover anything at all; and if she is entitled to recover, how much. The fact that the insurance company has agreed to pay, and has paid, a certain amount under an arbitration agreement, does not fix such an amount as a minimum recoverable in the suit on the policy in all events. The insured in this case can not retain the check paid under the award, and at the same time attack the award as fraudulent and sue to recover on the policy as is sought to be done in this case. She must rely on one or the other. She has sought to take advantage of both, which she can not do.

*Judgment reversed. Stephens, P. J., and Sutton and Felton, JJ., concur.*