FULTON LAND CO. *et al. v.* ARMOR INSULATING CO.

No. 13761. JULY 8, 1941.

*H. W. McLarty* and *Winfield P. Jones,* for plaintiffs in error.

*Hugh G. Head Jr., Hooper, Hooper & Miller,* and *Lewis D. Yancey Jr.,* contra.

JENKINS, Justice. This was a petition by a corporation against two corporations and against an individual who was an officer of one of the defendant corporations. It was alleged that the plaintiff issued and deposited certain certificates of its stock with the individual defendant in "escrow" or "trust," to be safely kept by him and not delivered to one of the defendant corporations until after plaintiff had opportunity to investigate and should thereafter decide whether it would exchange its stock for a deed to land, accounts receivable, and certain collateral security of that defendant corporation. It was further alleged that these instruments were at the same time left with the plaintiff, but only in "escrow" awaiting its decision as to the proposed exchange; and that in the meantime the plaintiff's stock was to be held as a pledge for the return of the assets received by the plaintiff in the event the exchange was not consummated. The petition showed that plaintiff's stock was unlawfully issued, without authority of the secretary of State, and without authority of the stockholders as required by the charter; and that this fact was known to the defendants. The petition also alleged that no contract of exchange was ever completed, but that within three hours after the stock was placed in the possession of the individual defendant the plaintiff demanded its return, and at the same time tendered back all the papers received from the defendants; and it continues its tender and offers to deliver such papers into court; but that its demand was refused. It was further alleged that the defendants, who were insolvent, intended to transfer the plaintiff's stock to third persons, causing irreparable damage and a multiplicity of suits. By amendment it was alleged that a receiver was necessary to impound and hold the plaintiff's stock

pending the litigation, because the individual defendant who held the stock was evading service, and there was danger that the stock would be assigned to third persons. The plaintiff prayed for injunction against a disposal or change of status of the stock, with a temporary restraining order, for a receiver as stated, for a return of the stock certificates, for their cancellation, and for other relief. The defendants excepted to the overruling of their general and special demurrers on grounds as indicated. *Held:*

1. In order to create a valid and binding escrow, it is necessary that there be an actual contract between the parties at interest, a proper subject-matter, and an absolute deposit of an instrument with a depositary acting for the parties, by which it passes beyond the control of the depositor to withdraw the deposit on the performance or happening of the agreed conditions of the escrow.

(*a*) Since one assuming to act as a depositary in escrow occupies a fiduciary relation to each of the parties with respect to the instrument, and since a failure in the conditions necessary to constitute a valid deposit in escrow entitles the depositor to withdraw the instrument, the depositary, under such circumstances, can not refuse a return of the instrument on demand of the depositor, based upon the ineffectiveness of the deposit as an escrow. 19 Am. Jur. 419-422, §§ 3-6; 424, 425, §§ 8, 9; 430, § 13; 435, § 17; 21 C. J. 866, 867, §§ 2-5; 870, 871, §§ 11-13; 878, § 24; and citations in texts.

(*b*) A fortiori, where an escrow is thus invalid or incomplete, the person receiving the deposit is without right to deliver it to the party intended conditionally to receive it. In case such a wrongful delivery is made by the depositary, both persons would be subject to a proper suit by the owner for the enforcement or protection of his rights. 19 Am. Jur. 439-441, §§ 21, 22, and cit.

(*c*) Under the preceding rules and the averments of the petition, and irrespective of whether or not the stock be taken as having remained in the hands of the individual defendant or as having been wrongfully delivered to either of the corporate defendants, no defendant had any lawful title or right therein.

2. Under the uniform stock-transfer act of 1939, title to shares of corporate stock may be transferred "by delivery of the certificate indorsed either in blank or to a specified person," as well as by delivery of the certificate and a separate document of assignment.

Third persons, "for value and in good faith, and without notice," may acquire rights as innocent purchasers, when they "purchase and obtain delivery of such [a] certificate with the indorsement of the person appearing by the certificate to be the owner." Ga. L. 1939, pp. 384, 385, 387, 392 (Ann. Code, §§ 22-1903, 22-1904). However, if an indorsement or delivery of a certificate "was procured by fraud or duress, or . . if the delivery of a certificate was made . . without authority from the owner," . . or other conditions provided by the statute occur, "the possession of the certificate may be reclaimed and the transfer thereof rescinded, unless (1) the certificate has been transferred to a purchaser for value in good faith without notice of any facts making the transfer wrongful, or (2) the injured person has elected to waive the injury or has been guilty of laches in endeavoring to enforce his rights." Ann. Code, § 22-1907. "Any court of appropriate jurisdiction may enforce specifically such right to reclaim the possession of the certificate or to rescind the transfer thereof, and, pending litigation, may enjoin the further transfer of the certificate or impound it." § 22-1908.

(a) Especially under the last-quoted statutory provisions, and under the averments as to the incomplete escrow, the threatened transfer of the stock certificates by the defendants to innocent third persons, the invalidity of the stock issue, and the insolvency of the defendants, the petition stated a cause of action for an injunction and restraining order against such a transfer. While in *Hairalson* v. *Carson*, 111 *Ga.* 57, 58, 59 (36 S. E. 319), the petition was held defective because of the absence of any proper prayer for extraordinary relief, it was recognized that with prayers for an injunction, restraining order, and cancellation, as in the instant case, "equity, having taken hold of the case for the purpose of affording the extraordinary relief, would have also disposed of all the matters involved in the litigation."

(b) Under the same quoted statutory provisions and the averments, the court was authorized to "impound" the stock "pending litigation," and to appoint a receiver for that limited purpose; and these allegations were not subject to demurrer.

(c) Even though the facts developed in a trial might show that other relief prayed would suffice without a cancellation of the stock certificates, the averments and prayers relating to cancellation were

not subject to demurrer. *Hairalson* v. *Carson,* supra. See *McGhee* v. *Minor,* 188 *Ga.* 635, 636 (4 S. E. 2d, 565); *Wyatt* v. *Nailer,* 153 *Ga.* 72 (4) (111 S. E. 419); *Jones* v. *Williams,* 132 *Ga.* 782, 784 (64 S. E. 1081); *Fuller* v. *Corker Motor-Car Co.,* 137 *Ga.* 370, 372 (73 S. E. 647).

3. An additional averment that, in the proposed exchange of assets, the individual defendant, acting for the defendant corporations, misrepresented the market value of defendants' assets which plaintiff was to receive to be $20,000, when it was no more than $3000, and that such attempted exchange amounted to a fraud, was not essential to the plaintiff's cause of action and relief prayed, as above stated. However, in view of the division of the petition into three counts, and the absence of any demurrer on the ground of duplicity or misjoinder of causes of action in any count, the averments as to such a misrepresentation, affording an additional ground for equitable relief, were not subject to demurrer.

4. Under the foregoing rulings, the petition was not subject to general or special demurrer on any of the grounds indicated. Nor, when taken with other parts of the pleading, were the particular paragraphs subject to other special grounds, as irrelevant, immaterial, containing merely conclusions of the pleader, or insufficiently setting forth the contract or terms in the escrow, or the nature of the instruments and assets involved.

*Judgment affirmed. All the Justices concur.*