29943.   DAVID *v.* ATLANTIC COMPANY.

DECIDED JULY 9, 1943.

*T. J. Lewis,* for plaintiff.  *Spalding, Sibley, Troutman & Brock, W. K. Meadow,* for defendant.

BROYLES, C. J. (After stating the foregoing facts.) It is stated in the briefs of both parties that the controlling question in this case is whether the settlement agreement between them is valid and whether it precludes the plaintiff from maintaining this action. Counsel for the plaintiff contends that the agreement is void in that it is a contract against the public policy of the State, and he cites, among others, the following cases: Fleming *v.* Warshawsky, 123 Fed. (2d) 622; Wilkinson *v.* Noland, 40 Fed. Supp. 1009; Travis *v.* Ray, 41 Fed. Supp. 6; U. S. *v.* Morley, 98 Fed. (2d) 781; Hutchinson *v.* Barry, 44 Fed. Supp. 829; McNorrill *v.* Gibbs, 45 Fed. Supp. 363. Counsel states in his brief that the Supreme Court of the United States has not passed upon such a settlement agreement as was executed in the instant case, and that "while the decisions of the Federal District Courts and the Circuit Courts of Appeals herein cited may not be binding upon this court in their construction of a release under the Fair Labor Standards Act, the same are persuasive and should be given some consideration by this court." While in the above-cited cases certain broad language appears which, standing alone, apparently supports the plaintiff's contentions, when the language is construed in the light of the particular facts of the case in which it is used, it is obvious

that it does not. The controlling difference between those cases and the instant one is that here the agreed statement of facts shows that a *bona fide* dispute existed between the parties as to whether the employee's work constituted interstate commerce within the meaning of the statute, and as to the actual number of overtime hours worked by the employee, while it did not appear in any of the above-cited cases that such a bona fide dispute between the parties existed.

We can not agree with the contention that the settlement contract in this case is void in that it is against the public policy of this State. "Compromises of doubtful rights are upheld by general policy, as tending to prevent litigation, in all enlightened systems of jurisprudence." *Smith* v. *Smith,* 36 *Ga.* 184, 191 (91 Am. D. 761). "When fairly made, courts always favor the compromise of doubtful rights, and they are binding notwithstanding it may eventually turn out that the point of law was in favor of the party complaining." *Collins* v. *Collins,* 165 *Ga.* 198 (4) (140 S. E. 501). "Moreover, in order to render valid the compromise of a claim, it is not essential that the matter should be really in doubt. It is sufficient if the parties consider it so far doubtful as to make it the subject of a compromise." *City Electric Ry. Co.* v. *Floyd County,* 115 *Ga.* 655, 657 (42 S. E. 45). "The compromise of a contention as to property rights, the final outcome of which, if settled by litigation, the parties consider to be doubtful, furnishes a consideration sufficient to support the compromise contract." *Belt* v. *Lazenby,* 126 *Ga.* 767 (2) (56 S. E. 81). "Compromises of doubtful rights are upheld by public policy and by the decisions of this court. . . In order to render valid the compromise agreement, it is not essential that the matter should be really in doubt; but it is sufficient if the parties consider it so far doubtful as to make it the subject of compromise. . . But it is necessary, in order to furnish a consideration for such compromise agreement, that the contention be made in good faith and be honestly believed in. *Dickerson* v. *Dickerson,* 19 *Ga. App.* 269 (91 S. E. 346)." *Preston* v. *Ham,* 156 *Ga.* 223, 234 (119 S. E. 658). "A compromise or mutual accord and satisfaction is binding on both parties." Code, § 20-1205. And where the compromise contract is based upon *a bona fide* dispute on a doubtful question of *either law or*

*fact,* there is a sufficient consideration to support the validity of the contract. *Tyson* v. *Woodruff,* 108 *Ga.* 368 (33 S. E. 981).

However, the plaintiff contends that disputes arising under the Fair Labor Standards Act constitute an exception to the ancient and general rule which permits and encourages parties to settle their controversies, and that the settlement contract in this case is against the public policy of this State. "In a judicial sense, public policy does not mean simply sound policy, or good policy, but it means the policy of a state established for the public weal either by law, by courts, or by general consent. The term has been said to mean the law of the state as found declared in its constitution, its statutory enactments, and its judicial records." 50 C. J. 858, § 62. The Fair Labor Standards Act contains no language outlawing a settlement contract between employer and employee, where the contract is based upon *a bona fide* dispute between them as to the facts of the employee's claim and as to the law applicable thereto; and we have found no decision of any court holding that such a contract is invalid. We are satisfied that the contract under consideration is not against the public policy of this state. It is well settled that the charging of usury is contrary to the public policy of Georgia, it being prohibited by statute and made, in some instances, a penal offense, and yet our Supreme Court in *Parker* v. *Fulton Loan &c. Asso.,* 46 *Ga.* 166 (4) held: "If a contract claimed by one of the parties to be usurious and by the other not, is compromised and settled between them, the question of dispute as to the usury, forming a distinct item of settlement, this is an accord and satisfaction even as to the usury, and the money paid can not be recovered back, but a mere compromise and settlement of the debt without a distinct reference to the dispute as to the illegality of the contract is not a bar to a suit to recover back the usury paid."

The cases cited by counsel for the plaintiff announce principles of law which, under the particular facts of those cases, are sound, but none of them supports the contention that the Fair Labor Standards Act prohibits the settlement of *a bona fide* dispute between an employer and his employee, where the dispute involves a question of law or a question of fact.

The judge, without a jury, did not err in rendering a judgment for the defendant.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*