35182.   CARTER *v.* TURBEVILLE.

Decided May 26, 1954—Rehearing denied July 8, 1954:

*Leon L. Polstein, Brannen, Clark & Hester,* for plaintiff in error.

*Harry P. Anestos,* contra.

GARDNER, P. J.  1.  (a) In unambiguous contracts, the rights and liabilities of the parties are matters of law for the court to determine upon a construction of the instrument.  This con-

struction is to determine the intentions of the parties. Code § 20-704 (4) reads: "The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." The contract before us is a sales contract with the plaintiff as the purchaser and the defendant as the seller and Lynes Realty Company as an independent third party to the contract. With reference to the $500 earnest money, Lynes Realty Company was an escrow agent. In *Fulton Land Co.* v. *Armor Insulating Co.*, 192 *Ga.* 526 (15 S. E. 2d 848), the Supreme Court said: "In order to create a valid and binding escrow, it is necessary that there be an actual contract between the parties at interest, a proper subject matter, and an absolute deposit of an instrument with a depositary acting for the parties, by which it passes beyond the control of the depositor to withdraw the deposit on the performance or happening of the agreed conditions of the escrow." It will be observed from reading the document signed by the plaintiff and the defendant that it was not a completed transaction.

At the time the document was signed, it was conditional and contingent upon several things. It was an agreement to sell by the defendant and to purchase by the plaintiff, upon several contingent conditions, as will appear upon the instrument itself. According to the petition, the conditions of the agreement were never met. It is clear that the money was paid to Lynes Realty Company in its own right as escrow agent—a party in whom both the seller and the purchaser placed their confidence. The money was paid to Lynes Realty Company on condition and with specific instructions for the disbursement of the money. For this company to dispose of the fund in any manner other than as prescribed would have been a breach of trust, and the party aggrieved could sue Lynes Realty Company on its statutory bond as provided by law. The Supreme Court in *Wellborn* v. *Weaver*, 17 *Ga.* 267, 275, said: "In every case of an escrow there is a contract and privity between the grantor and grantee. The person to whom the deed is delivered is, by mutual agreement, constituted the agent of both parties."

See, in this connection, 19 Am. Jur. 430, sec. 13, as follows: "In a broad sense, every depositary of an escrow is the agent

of both parties. For the purpose of making delivery upon the performance of the conditions, he is no less the agent of the grantee than the agent of the grantor. He is empowered to aid neither, being merely the conduit used in the transaction for convenience and safety. He may, therefore, be looked upon as a special agent of both parties, with powers limited only to those stipulated in the escrow agreement. Strictly, however, the depositary is not an agent at all, but rather the trustee of an express trust with duties to perform for each of the parties, which duties neither can forbid without the consent of the other. When the depositary knows the terms of the agreement so that he may understand his duties, he acts by virtue of his own powers, and not as agent of anybody. To call him the agent of the parties leads to confusion. It is better to treat him, in accordance with his capacity, as a third party to whom the principal parties to the contract have intrusted certain authority by the escrow agreement. He must look to that intrusted authority for his powers and duties."

It is apparent that Lynes Realty Company was the escrow agent of both parties with respect to the deposit of $500. If under the terms of the agreement the plaintiff is entitled to receive back the earnest money deposited, the remedy is against Lynes Realty Company and not against the defendant, who never received the money.

(b) We have heretofore mentioned the fact that the instrument before us created an escrow agency. To construe the instrument before us to the effect that the instrument regarding the escrow money amounted to a payment to the defendant, the contract would have to be construed as establishing Lynes Realty Company as the full and exclusive agent of the defendant. We would also have to construe the instrument as including authority of Lynes Realty Company to receive payment on behalf of the defendant. The document before us, under its terms, will bear no such conclusion.

(c) The payment of earnest money to Lynes Realty Company is not, under the terms of this contract, equivalent in law to payment to the defendant seller. In this connection, see *Kenny v. Walden,* 28 *Ga. App.* 810, 811 (113 S. E. 61), and *Stiles v. Edwards,* 79 *Ga. App.* 353, 359 (53 S. E. 2d 697).

(d)   An action of assumpsit for money had and received is founded upon equitable principles, and the pleadings must allege and the proof must show that the money or its equivalent was actually received by the defendant or his agent. See *King* v. *Forman,* 71 *Ga. App.* 75 (30 S. E. 2d 214). The proof did not show in the instant case that the defendant received the money.

The court erred in overruling the demurrer. The demurrer should have been sustained and the suit dismissed.

*Judgment reversed.  Townsend and Carlisle, JJ., concur.*