### 62314. THOMSON v. WALTER et al.

SHULMAN, Presiding Judge.

This appeal arises from a judgment based upon a jury verdict for plaintiffs-appellees in their action to rescind a contract entered into with defendant-appellant. Appellant was ordered to return appellees' $25,000 down payment, and the agreement between them was rescinded. The trial court denied appellant's motion for new trial and motion for judgment notwithstanding the verdict. We affirm.

Appellees, Robert and Gisela Walter, entered into a contract on June 30, 1978, with appellant Conrad Thomson, Jr., for the sale of Thomson's restaurant located in the Oglethorpe Mall in Savannah, Georgia. Before completion of the transaction, Mr. Walter testified that he requested to see the lease Thomson had with the mall. Thomson said that he had lost his copies of the lease and was therefore unable to produce them. Oglethorpe Mall refused to permit appellees to see the lease, but appellant assured the Walters that there would be no problem concerning the assumability of the lease. Mr. Walter also requested to see the recent financial reports of the restaurant so that he could ascertain how much profit the business was then producing. Thomson told appellee that he owned two other establishments and the financial statements of all three were commingled so that it would be impossible to separate one from another. That representation was directly contradicted at trial by appellant's wife, who testified that the accounts of the three ventures were easily severed from each other. Appellant approximated the recent profits as being between $1,500 and $2,000 per month. Thomson also told Mr. Walter that the all-time high for gross sales

was $39,000 to $41,000, and that as of November of 1977 appellant's average sales were $20,000 per month. Appellees did not find out until January 1979 that the lease had never been transferred to them. Upon further investigation, appellees found that appellant's all-time sales high was only $21,042.59. Appellees also uncovered the fact that Thomson had not made a profit during the time he had owned the restaurant in question. Appellees advised appellant in March of 1979 that they wished to rescind the contract and that they would continue to run the business until they heard from Thomson so as to safeguard the restaurant's reputation as a going concern. Since appellant failed to contact appellees, they notified Thomson on May 28, 1979, that they would vacate the premises on May 31, 1979. Appellees subsequently filed this action to rescind the contract of purchase.

1. Appellant's first enumeration of error charges that appellees failed to exercise ordinary diligence to ascertain the truth of the representations made by appellant regarding the assumability of the lease and the restaurant's past profits.

"While a party must exercise reasonable diligence to protect himself against the fraud of another, he is not bound to exhaust all means at his command to ascertain the truth before relying upon the representations. Ordinarily the question whether the complaining party could ascertain the falsity of the representations by proper diligence is for determination by the jury. [Cits.]" *Braselton Bros. v. Better Maid Dairy Products,* 222 Ga. 472, 474 (150 SE2d 620).

"Questions of fraud, the truth and materiality of representations made by a defendant, and whether the plaintiff could have protected himself by the exercise of proper diligence are, except in plain and indisputable cases, questions for the jury." *Brown v. Techdata Corp.,* 238 Ga. 622, 625 (234 SE2d 787). The evidence in the present case was presented to the jury and they resolved each question in favor of the appellees. This case does not fall into the "plain and indisputable case" category articulated in *Brown. Scott v. Fulton Nat. Bank,* 92 Ga. App. 741 (89 SE2d 892), relied on by the appellant, is distinguishable on its facts from the present case. Therefore, we hold that this issue cannot be resolved favorably for the appellant as a matter of law.

2. Appellant's second enumeration of error alleges that appellees failed to rescind the contract promptly on discovery of the fraud. Appellant contends that since appellees signed the contract in June of 1978 and did not vacate the premises until May 31, 1979, they did not "promptly" rescind the contract as required by Code Ann. § 20-906.

The word "promptly" as used in Code Ann. § 20-906 does not mean "immediately," but means within a reasonable time. *Stovall v.*

*McBrayer,* 20 Ga. App. 93 (4) (92 SE 543). Appellees did not become aware of any fraud until January 1979. Upon further inquiry, they uncovered several more inconsistencies in the representations appellant had made to them. Appellees notified appellant of their desire to rescind in March of 1979. We hold this to be within a reasonable time and, therefore, this enumeration of error is without merit.

3. Appellant charges that appellees failed to restore or offer to restore the benefits received under the contract. "A contract may be rescinded at the instance of the party defrauded; but in order to rescind he must promptly, upon discovery of the fraud, restore or offer to restore to the other whatever he has received by virtue of the contract, if it be of any value." Code Ann. § 20-906. Appellees invested $10,000 (in addition to the original down payment) in the operations of the restaurant and withdrew only $4,059. Therefore, they received no profits to tender back to appellant. "[T]he party rescinding shall derive no *unconscionable* advantage from the rescission." (Emphasis supplied.) *Fletcher v. Fletcher,* 158 Ga. 899, 900 (124 SE 722). The inadvertent removal of an item such as a calculator is not substantial enough to block the rescission of the contract.

4. Appellant's fourth enumeration of error contends that appellees failed to prove that they sustained damage as a proximate result of their reliance upon misrepresentations of appellant. Such damage is an essential element in an action for fraud. *Cheney v. Barber,* 144 Ga. App. 720 (242 SE2d 358). Appellant alluded to the fact that the Walters were not evicted but voluntarily chose to leave the premises. "If the fraud consisted of misrepresentation of a material fact as to the subject-matter of the contract, and the party to whom the representation was made was thereby induced to act by entering into the contract, which he would not have done but for the misrepresentation, this constitutes fraud with injury which will authorize him, promptly upon learning the true situation, to rescind." *Crowell v. Brim,* 191 Ga. 288, 290 (12 SE2d 585). "[I]n so far as the right to rescind a contract for fraud is concerned, injury or damage within the rule does not mean such actual pecuniary damage as might be estimated and recovered by a money judgment. [Cit.]" *Mosely v. Johnson,* 90 Ga. App. 165, 166 (82 SE2d 163). As in *Mosely,* appellees did not receive that which they contracted to receive. In accordance with the preceding expressions of law, it follows that the damage suffered by appellees satisfied the damage element necessary to establish fraud.

5. Appellant contends that the trial judge erred because he refused to charge the jury on the issue of breach of warranty.

Appellant refers to the section in the contract which allegedly precluded the appellees from relying on any representations made by appellant. However, a distinction must be drawn between a contract induced by fraud and breach of warranty. "While words descriptive of the subject-matter of a sale are ordinarily to be regarded as warranties [cit.], still if such representations are knowingly false, the fact that they take the form of warranties does not relieve the perpetrator from the guilt of actual fraud. [Cit.] . . . 'Those who commit actual fraud can not protect themselves against answering therefor by any form of warranty or any limitations which they may introduce in the terms of the warranty.' [Cits.]" *Barfield v. Farkas,* 40 Ga. App. 559, 560 (150 SE 600). We hold that the trial judge charged the correct law and that instruction addressed to breach of warranty was unnecessary.

6. Appellant charges that the trial judge erred by failing to charge appellant's requested charges concerning the issues of acquiescence, ratification and waiver, acceptance and retention of benefits, and the duty of appellees to mitigate damages. "In its charge the trial court fully covered all the principles of law requested by appellant though not in the precise language requested. Failure to charge in the exact language requested, where the charge given substantially covered the same principles is not error." *Cohran v. State,* 141 Ga. App. 4, 5 (232 SE2d 355).

7. Appellant finally contends that appellees breached the contract themselves and therefore should not be allowed to rescind it. Appellant asserts that the breach occurred because of the appellees' failure to make payments on the $20,000 note that they assumed from Thomson. The evidence shows that, before appellees filed for rescission, the Walters received only one bill from the bank regarding the note and that bill was promptly paid. (The terms of the note also suggest that nothing more was due at that time from appellees.) Therefore, we find no material breach of the contract by appellees.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED OCTOBER 21, 1981 —
REHEARING DENIED DECEMBER 1, 1981 —

*C. James McCallar, Jr.,* for appellant.
*W. Jan Jankowski,* for appellees.