## 72457. GRAHAM v. COOK.
### (347 SE2d 623)

BANKE, Chief Judge.

Ellis P. Cook, the appellee herein, sued C. Carl Graham, the appellant, to recover the purchase price of certain shares of corporate stock he had purchased from Graham, alleging that the transaction was void due to fraud, duress, and inadequacy of consideration. We granted Graham's application for an interlocutory appeal from the denial of his motion for summary judgment.

The salient facts are undisputed. Cook formed Southland Sound, Inc., in 1977 to engage in the business of selling and installing automobile radio and sound equipment. In 1979, he retained the services of Graham to do the firm's bookkeeping. In order to provide the firm with additional capital, Graham and another of his clients, Richard Barrow, subsequently endorsed a corporate note for $50,000 in exchange for a one-third interest each in the company's stock. Cook, however, retained 50 percent of the voting rights pursuant to a shareholders' agreement.

Personal difficulties later developed between Cook and Barrow, with the result that Barrow sold his shares to Graham in exchange for $2,000 in cash plus Graham's agreement to indemnify him against his obligation on the note. This sale, of course, made Graham the owner of two-thirds of the stock of the corporation, an arrangement which Cook found unacceptable. Cook and Graham therefore entered into a

"Buy-Sell Agreement" giving Cook the option, for 30 days, of buying Graham's stock in return for a $70,000 cash payment and an assumption of his obligation on the note. Graham, in turn, was given the option, at the end of the 30-day period, of buying out Cook for $35,000.

Cook exercised his option of buying out Graham, following which he brought the present action to recover the $70,000 payment he had made for Graham's shares, plus attorney fees. Cook has declined, however, to tender the stock back to Graham, taking the position that there are "special circumstances" which excuse him from doing so — namely, the threat of Graham's "eventual and imminent" seizure of the corporation. *Held*:

1. Cook is obviously not entitled both to retain the shares and to recover their purchase price. In order to rescind a contract and sue for restitution, a plaintiff must first restore or make a bona fide effort to restore to the other party whatever benefits he has received from the transaction. See generally OCGA § 13-4-60; *Brown v. Techdata Corp.*, 238 Ga. 622, 626-627 (234 SE2d 787) (1977). This requirement is excused only under very narrowly defined circumstances — such as where the plaintiff is entitled to retain the benefits notwithstanding the rescission (see *Sanders v. Looney*, 247 Ga. 379, 381 (4) (276 SE2d 569) (1981)), or where the benefits received are worthless or illusory (see *Thomson v. Walter*, 160 Ga. App. 542, 544 (3) (287 SE2d 562) (1981)).

The record in this case negates any allegation that the shares are worthless, and we have been offered no other valid reason why Cook might be entitled to retain Graham's shares without paying for them. Consequently, we hold that Graham was entitled to summary judgment on the rescission claim.

2. Moreover, the undisputed facts do not support Cook's contention that he was induced by fraud or duress to purchase the shares. Fraud consists of a knowing misrepresentation or concealment of a material fact, done with the intention and purpose of deceiving (see OCGA § 51-6-2; *Brown v. Ragsdale Motor Co.*, 65 Ga. App. 727 (1, 3) (16 SE2d 176) (1941)). The record in this case is devoid of even the allegation that Graham was guilty of such conduct in his dealings with Cook.

The only duress alleged by Cook consisted of the threat of a corporate "takeover" by Graham, resulting from Graham's position as the company's majority shareholder. The existence of such a threat was clearly insufficient to void the transaction. " 'Duress which will avoid a contract must consist of threats of bodily injury or other harm, or other means amounting to coercion, or tending to coerce the will of another, and actually inducing him to do an act contrary to his free will.' (Cit.)" *Tidwell v. Critz*, 248 Ga. 201, 203 (282 SE2d 104)

(1981). "One may 'not void a contract on grounds of duress merely because he entered into it with reluctance, the contract is very disadvantageous to him, the bargaining power of the parties was unequal or there was some unfairness in the negotiations preceding the agreement.' 17 CJS 944, § 168." Id. at 204.

3. Similarly, the appellee's $70,000 payment to Graham may not be considered "involuntary" so as to fall outside the ambit of OCGA § 13-1-13, merely because it was made under what Cook perceived to be the "urgent and immediate necessity" of preventing Graham's "eventual and imminent seizure" of the corporation's property. In the first place, the terms "eventual" and "imminent" are, as used in this context, totally contradictory. Secondly, the undisputed facts of record do not reflect the existence of a threat of seizure of any of the corporation's property by Graham.

4. Finally, we reject the appellee's allegation that the stock he received from Graham amounted to inadequate consideration for the $70,000 he paid for it. "[A]ny benefit accruing to the promisor, or any loss, trouble, or disadvantage undergone by the promisee" is sufficient consideration to support the enforcement of a contract. *Vanguard Properties Dev. Corp. v. Murphy*, 136 Ga. App. 519, 521 (221 SE2d 691) (1975). See also OCGA § 13-3-46. As indicated in Division 1 supra, Cook's apparent contention that the stock was worthless is negated rather than supported by the facts of record.

5. For the foregoing reasons, we hold that the trial court erred in denying Graham's motion for summary judgment.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JUNE 20, 1986 —
REHEARING DENIED JULY 3, 1986 —

*John R. Calhoun, Walter W. Ballew III,* for appellant.
*Joseph B. Bergen,* for appellee.