## 74375. LEATHERS v. ROBERT POTAMKIN CADILLAC CORPORATION.
### (361 SE2d 845)

SOGNIER, Judge.

Sutton T. Leathers, as purchaser, filed an action in two counts against Robert Potamkin Cadillac Corporation, from whom he bought a 1984 Cadillac Coup de Ville automobile, alleging fraud and violation of OCGA § 40-8-5. The trial court granted summary judgment in favor of Potamkin and Leathers appeals.

The record reveals appellant originally executed a lease agreement for the automobile, but converted this to a purchase at substan-

tial savings after confronting appellee with an earlier emission inspection report indicating a mileage reading approximately 60 miles greater than the reading on the day appellant took possession of the car under the lease agreement. Appellant contended the odometer had been unlawfully "rolled back," and although appellee denied any wrongdoing, it converted the lease agreement to a purchase at dealer cost. In consideration thereof, appellant executed a release, absolving appellee from "all claims, actions, liabilities of whatever nature from the beginning of time up to the present and specifically with reference to any claims, actions or liabilities in connection with" the automobile, identified by vehicle identification number. The release specifically excepted only claims under the new car warranty. It is uncontroverted that the release was given freely, voluntarily, and for valuable consideration.

Appellant claimed that shortly after his purchase of the car and execution of the release, he discovered that the car had been damaged prior to delivery. At that time, he negotiated both with appellee and directly with the Cadillac Motor Division of General Motors, and settled this claim with Cadillac for $1,000 cash, executing another general release, in favor of "Cadillac Division of General Motors and all its agents and employees from any and all actions, causes of action, claims and demands for, upon or by reason of any injuries, losses and damages to persons or property, which have been caused or which may at any time arise out of or in connection with body and frame repairs to" the automobile. The exact date this release was executed is unclear, but approximately four days after it was sent to appellant with a cover letter, appellant delivered a hand-written letter to appellee purporting to "rescind" the purchase of the car. It is uncontroverted, however, that appellant never returned or offered to return the car and, in fact, has retained and continued to drive the car. It is further uncontroverted that appellant refused an offer in writing from Cadillac Division to repurchase the car for the price paid by appellant.

In his sole enumeration of error, appellant contends the trial court erred by granting summary judgment to appellee because any release was ineffective as to claims under OCGA § 40-8-5. We do not agree. Appellant is not entitled both to retain the automobile and to recover its purchase price, as he seeks to do here. "In order to rescind a contract and sue for restitution, a plaintiff must first restore or make a bona fide effort to restore to the other party whatever benefits he has received from the transaction. [Cits.]" *Graham v. Cook*, 179 Ga. App. 603, 604 (1) (347 SE2d 623) (1986). It is well established that one who, for a valuable consideration, including payment of money, has released another from all further liability, cannot obtain a rescission of such a contract of release, and recover on the original

cause of action, without first restoring or offering to restore what the releasee paid for such release. *Harley v. Riverside Mills*, 129 Ga. 214 (58 SE 711) (1907).

We are not persuaded by appellant's argument urging our adoption here of the District Court's rationale in *Parker v. DeKalb Chrysler Plymouth*, 459 FSupp. 184 (N.D. Ga. 1978), holding that rights under the federal Odometer Act, 15 USC § 1981 et seq., may not be waived. The court's reasoning in *Parker* was based on similarities between the federal Odometer Act, supra, and the Truth-in-Lending Act, 15 USC § 1601 et seq., and the fact that previous federal court cases held that rights granted to consumers under the Truth-in-Lending Act may not be waived. We decline to follow that reasoning here for two reasons. First, the court in *Parker*, supra, was not applying Georgia law, and Georgia has no comparable Truth-in-Lending Act from which we may draw parallels, and consequently, no similar decisions as precedent. On the contrary, the law and policy of this State greatly favor the compromise of disputes, *David v. Atlantic Co.*, 69 Ga. App. 643 (26 SE2d 650) (1943), and in the absence of fraud, a general release has been held to bar any cause of action by one executing such release. *Glover v. Southern Bell Tel. & Tel.*, 229 Ga. 874, 875 (1) (195 SE2d 11) (1972). Appellant makes no claim here that he was fraudulently induced into signing either release. Second, OCGA § 40-8-5 is intended to provide protection to consumers. Pretermitting the question whether under other facts and circumstances rights acquired under OCGA § 40-8-5 may not be waived despite the existence of a release, we find no reason to so hold under the circumstances presented in the case at bar. Appellant, an articulate and wary businessman who, by his own admission, is more knowledgeable and experienced in the law than many practicing lawyers, has retained and continued to utilize the Cadillac automobile which represents the "fruits" of appellee's alleged unlawful act. Furthermore, appellant has not once, but twice knowingly signed releases of his claims in exchange for substantial monetary consideration. Although there are policy considerations which might exist in other situations, we are unable to imagine any benefit to consumers from forbidding, in circumstances such as these, the knowing and intelligent release of claims in return for substantial benefit. On the contrary, we view such a blanket prohibition as a disincentive for dealers to settle honest claims to the benefit of those consumers who, in their considered wisdom, wish to do so.

Appellant has been compensated twice for the release of whatever claims he may have had against appellee or others. In view of these releases, which are uncontroverted, we find that the trial court properly found no question of fact remained, and appellee was entitled to judgment as a matter of law. See *Reed v. Adventist Health*

*Systems/Sunbelt*, 181 Ga. App. 750, 752 (1) (353 SE2d 523) (1987).
   *Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 2, 1987.

*James E. Thompson*, for appellant.
*Richard P. Reinhart, Gerald L. Pouncey, Jr.*, for appellee.