## A06A1013. DALY v. MUELLER.
### (630 SE2d 799)

BLACKBURN, Presiding Judge.

Meredith Daly appeals the superior court's dismissal of her complaint, in which she sought to set aside her release of the claims that she had asserted against Anne Mueller individually and as executor of an estate in a prior probate action. Daly argues that by understating the aggregate value of the estate and of certain nontestamentary gifts in the release, Mueller had fraudulently induced Daly into executing the release of those claims for only $22,500. Because Daly's complaint admitted that she had not tendered the $22,500 back to Mueller, the superior court granted Mueller's motion to dismiss the complaint. We affirm, holding that the admitted lack of tender was fatal to Daly's action.

When reviewing the grant of a motion to dismiss for failure to state a claim, we review the dismissal de novo, construing the complaint's allegations and all possible inferences therefrom in favor of the plaintiff. *Leake v. Murphy.*[1] We sustain the dismissal if the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts asserted in the complaint and if the movant establishes that the plaintiff could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. Id.

[1] *Leake v. Murphy*, 274 Ga. App. 219, 220 (617 SE2d 575) (2005).

So construed, the allegations of the complaint show that Daly's father passed away in January 2001. Besides Daly, the only other surviving child was Daly's brother, who was married to Mueller. The father left a will, in which he gave each of his two children $25,000, with the remainder of the estate going to Mueller. Nominated as executor in the will, Mueller submitted the will for probate in solemn form in March 2001, and Daly and her brother did not contest the probate of the will. Nevertheless, Daly and her brother did file claims against the estate in probate court, alleging that the father failed to abide· by the terms of a divorce agreement that required him to maintain life insurance for the benefit of the children's now-deceased mother.

In July 2001, Daly, her brother, and Mueller executed a mutual release, in which Daly and her brother agreed to release their claims against the estate and Mueller in exchange for $22,500 each (in addition to the $25,000 provided for each of them in the will) and for Mueller's representation that the value of the net estate (plus any assets passing outside the estate, such as retirement accounts) totaled less than $250,000. Relying upon the release, Mueller obtained a discharge from the probate court, which closed the matter. Subsequently, Daly learned that Mueller had been transferring assets from Daly's father's name to Mueller's name around the time of his death. Daly concluded from this information that the $250,000 figure was understated or was at least misleading, purportedly entitling her to rescind the release and to demand an accounting.

Daly filed the present action against Mueller individually, seeking to set aside the release on the ground of fraudulent inducement and demanding restitution damages and an accounting of the estate's assets and administration. Daly admitted in the complaint that she had not tendered nor was she tendering a return of the additional $22,500 received under the release, explaining that she was entitled to more than the $22,500 paid for the release and that Mueller's action in closing the estate made tender impossible. Mueller moved to dismiss the complaint for failure to state a claim, arguing that the complaint's admission that no money was returned or tendered back precluded the present action for rescission. The trial court agreed and dismissed the complaint.

1. Daly argues that the court erred in holding that tender was required. OCGA § 13-4-60 provides: "A contract may be rescinded at the instance of the party defrauded; but, in order to rescind, the defrauded party must promptly, upon discovery of the fraud, restore or offer to restore to the other party whatever he has received by virtue of the contract if it is of any value." Thus, "[i]n order to rescind a contract and sue for restitution, a plaintiff must first restore or make a bona fide effort to restore to the other party whatever benefits

he has received from the transaction." *Graham v. Cook*.[2] This is a condition precedent to bringing an action for rescission. *Wender & Roberts, Inc. v. Wender*.[3] If the complaint for rescission shows that the requisite tender was not made, dismissal of the action is appropriate. See *Mack v. Shearer*;[4] *Harley v. Riverside Mills*;[5] *Roberts v. Southern R. Co*.[6] See also *Wender & Roberts*, supra, 238 Ga. App. at 360-361 (5).

This rule has been particularly applied to cases where a party seeks to rescind a release. "It is well established that one who, for a valuable consideration, including payment of money, has released another from all further liability, cannot obtain a rescission of such a contract of release, and recover on the original cause of action, without first restoring or offering to restore what the releasee paid for such release." *Leathers v. Robert Potamkin Cadillac Corp*.[7] See *Western &c. R. Co. v. Atkins*[8] ("in order to obtain a rescission of the contract of release and recover upon the original cause of action, restoration or tender of the amount paid for the release is necessary"); *Harley*, supra, 129 Ga. at 216; *Roberts*, supra, 73 Ga. App. at 763 (1) ("[e]ven if it be conceded that the release was obtained by fraud, the plaintiff was compelled, under the rules of law applicable to this case, to repay or tender to the defendant the money received under the contract before bringing an action the effect of which was to set it aside").

Daly argues, however, that she was excused from complying with this tender requirement on the grounds that (a) "she believes that she is entitled to more than the amount paid in consideration of the release" and (b) Mueller's action in closing the estate "has made such tender impossible." With regard to the first reason, Daly specifically claims that she "believes and alleges that she may have been entitled to a much greater inheritance from her father, either through the Estate or through testamentary substitutes that [Mueller] interfered with during her father's lifetime."

(a) *Was Plaintiff Entitled to Retain Benefits of Release Even if Rescinded?* Although there are exceptions to the tender requirement, none fit the fact situations alleged by Daly. "This requirement is excused only under very narrowly defined circumstances — such as

---

[2] *Graham v. Cook*, 179 Ga. App. 603, 604 (1) (347 SE2d 623) (1986).

[3] *Wender & Roberts, Inc. v. Wender*, 238 Ga. App. 355, 361 (5) (518 SE2d 154) (1999).

[4] *Mack v. Shearer*, 222 Ga. 33, 34 (148 SE2d 314) (1966).

[5] *Harley v. Riverside Mills*, 129 Ga. 214, 216-217 (58 SE 711) (1907).

[6] *Roberts v. Southern R. Co.*, 73 Ga. App. 759, 762-763 (1) (38 SE2d 48) (1946) (physical precedent only).

[7] *Leathers v. Robert Potamkin Cadillac Corp.*, 184 Ga. App. 430, 431-432 (361 SE2d 845) (1987).

[8] *Western &c. R. Co. v. Atkins*, 141 Ga. 743, 745 (2) (82 SE 139) (1914).

where the plaintiff is entitled to retain the benefits notwithstanding the rescission, or where the benefits received are worthless or illusory." (Citation omitted.) *Graham*, supra, 179 Ga. App. at 604 (1). Another exception is where tender is unreasonable or impossible. *Wender & Roberts*, supra, 238 Ga. App. at 360 (5). Daly seizes upon the language that she would be entitled to retain the benefits notwithstanding the rescission, citing a rewording of this exception that "where the amount received under the contract sought to be rescinded may be less than the amount actually due the party seeking to rescind," tender is not required. *Metter Banking Co. v. Millen Lumber &c. Co.*[9] Daly claims that the additional $22,500 she received under the release may be less than an unspecified amount to which she may have been entitled had she successfully pursued the claims she released.

Such an argument misperceives the principle behind this exception to the tender requirement. The concept is that no tender is required where it is undisputed that the plaintiff in any and all events — even if rescission were granted — would be entitled to at least the tender amount. *Atlantic Mut. Fire Ins. Co. v. McKenzie.*[10] Where, on the other hand, the questions to be decided are whether the plaintiff is entitled to recover anything at all, and if so, how much, this principle does not apply and tender is required. Id. The fact that a defendant at one point decided to pay an amount in settlement "does not fix such an amount as a minimum recoverable," (emphasis omitted) id., but simply represents the defendant's willingness to pay a certain sum to avoid further litigation and risk. Otherwise, the exception would swallow the rule, as every plaintiff who seeks rescission believes that she may recover more through rescission; why else seek rescission? The plaintiff's fervent belief that she may recover more is hardly grounds for carving out an exception and allowing her to keep the benefits of the release while she at the same time seeks to undo the release. Interpreting Georgia law, the United States Court of Appeals for the Eleventh Circuit reached this same conclusion, noting that tender was there required because if the releases of the unliquidated claims were there rescinded and the parties were returned to their pre-settlement position, "plaintiffs [would be] entitled to nothing." *Kobatake v. E. I. DuPont de Nemours & Co.*[11] Cf. *Wheat v. Montgomery*[12] (tender required where settlement to be rescinded was for an unliquidated claim but not required where

---

[9] *Metter Banking Co. v. Millen Lumber &c. Co.*, 191 Ga. App. 634, 637-638 (2) (a) (382 SE2d 624) (1989).

[10] *Atlantic Mut. Fire Ins. Co. v. McKenzie*, 63 Ga. App. 348, 350 (2) (11 SE2d 72) (1940).

[11] *Kobatake v. E. I. DuPont de Nemours & Co.*, 162 F3d 619, 627 (2) (b) (11th Cir. 1998).

[12] *Wheat v. Montgomery*, 130 Ga. App. 202, 207 (8), n. 1 (202 SE2d 664) (1973).

settlement was for a lesser amount of a contract that required the payment of a larger specific sum).

The present case provides a good example of how this principle works. Under the release here, Daly was paid $47,500: $25,000 represented that which was specified under her father's will, and $22,500 represented an additional payment for Daly's unliquidated claims asserted against Mueller and the estate for Daly's father's alleged failure to meet certain divorce agreement obligations. To rescind the release, Daly was not required to return the first $25,000, since that represented money that all parties conceded she was entitled to, even if the release were rescinded. See, e.g., *Sanders v. Looney*[13] (in action seeking to rescind release, plaintiff not required to tender back $2,000 received for release of claim for one-third of $26,000 estate); *State Farm Fire &c. Co. v. Fordham*[14] (undisputed that plaintiff was entitled to at least the amount given for release, even if release rescinded; no tender required).

However, Daly was required to tender back the $22,500, as that represented money paid for unliquidated claims on which remained questions of liability and of the amount of damages. If the release were rescinded, it is disputed whether Daly would recover anything for these claims, let alone whether the amount to be recovered would exceed $22,500. Accordingly, tender of the $22,500 paid under the release was required before an action seeking the release's rescission could be instituted. See *Atlantic Mut. Fire Ins. Co.*, supra, 63 Ga. App. at 350 (2).

(b) *Was it Impossible for Plaintiff to Pay Tender?* The second exception on which Daly relies is that it was impossible for her to pay the tender. See *Wender & Roberts*, supra, 238 Ga. App. at 360 (5). Specifically, she claims that since Mueller had closed the estate and had been discharged by the probate court, Daly had no one to whom to pay the $22,500.

The argument fails on three fronts. First, Daly could have paid the money to Mueller individually, as Mueller had executed the release in her individual capacity in addition to her capacity as the executor of the estate. Second, Daly could have tendered the money to the registry of the probate court or to Mueller in her capacity as former executor of the estate, which would have simply resulted in a proceeding under OCGA § 53-7-50 (d) for the probate court to reopen the estate and to distribute assets discovered after the settlement of an estate. Third, Daly could have tendered the money to the registry

---

[13] *Sanders v. Looney*, 247 Ga. 379, 381 (4) (276 SE2d 569) (1981).
[14] *State Farm Fire &c. Co. v. Fordham*, 148 Ga. App. 48, 53-54 (3) (250 SE2d 843) (1978).

of the trial court where she filed her rescission action, as was done in *Sanders*, supra, 247 Ga. at 381 (4). In any case, tender was not impossible.

Because the complaint showed that Daly failed to tender the sum requisite to seek rescission, the trial court did not err in dismissing the count seeking rescission for failure to state a claim.

2. Daly's other two claims in her complaint both depended on the success of the rescission claim. Accordingly, the court did not err in also dismissing the other counts for failure to state a claim.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MAY 3, 2006.

*Gaslowitz Frankel, Adam R. Gaslowitz, Craig M. Frankel, Paul D. Menair,* for appellant.

*Sorgen & Schindelar, Lawrence S. Sorgen,* for appellee.