A08A1433. ROGAN et al. v. PATTERSON et al.
(668 SE2d 459)

PHIPPS, Judge.

Kimberly and James Rogan entered into a "construction loan agreement" with Republic Consumer Lending Group, Inc. under which Republic agreed to lend the Rogans $579,600 to fund construction of a home for the Rogans by a building contractor.

Several years after entering into the agreement, the Rogans brought this suit against Republic, the law firm of Thompson, Kennedy, Sampson, and Patterson, and various of the firm's attorneys. The Rogans charge the law firm and its attorneys (referred to collectively as TKSP), as the construction loan agreement's escrow agent, with breach of express and implied contractual duties and with conversion by disbursing money to the building contractor in violation of various provisions of the agreement. The Rogans additionally charge TKSP with breach of fiduciary duty and breach of trust.

HSBC Mortgage Corporation (USA), as successor to Republic, filed a motion to dismiss on the ground that the complaint is barred by the express terms of the construction loan agreement. After the Rogans dismissed Republic without prejudice, TKSP moved for summary judgment. The Rogans appeal the trial court's grant of TKSP's motion. For reasons that follow, we affirm.

> We review de novo a trial court's grant of summary judgment, construing the evidence in a light most favorable to the nonmoving party. To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the nonmovant's favor, warrant judgment as a matter of law. A defendant who will not bear the burden of proof at trial need only show an absence of evidence to support an essential element of the nonmoving party's case.[1]

The construction loan agreement required the Rogans' house to be built in conformity with certain plans and specifications. The

---

[1] *Latson v. Boaz*, 278 Ga. 113 (598 SE2d 485) (2004) (citations omitted).

Rogans, as "borrower," were required to deliver a copy of the construction contract together with a letter from the contractor consenting to the assignment of the contract to Republic, as "lender." All advances, at the discretion of Republic, were to be made directly to the Rogans or jointly to the Rogans and any contractor, materialman, or other person or entity providing services or material to the property.

The agreement further provided, however:

> All conditions of the obligations of lender hereunder, including the obligation to make advances, are imposed solely and exclusively for the benefit of lender and its successors and assigns . . . any and all of which may be waived in whole or in part by lender at any time if in its sole discretion it deems it desirable to do so. . . . Borrower acknowledges and agrees that lender shall have no liability to borrower or any third person or party as a result of any payments or advances made hereunder jointly to borrower and any contractor, subcontractor or materialman or directly to any contractor, subcontractor or materialman, whether or not such payment is deemed to be wrongful or improper under the terms of this agreement, or by law.

It appears without dispute that Republic hired TKSP to close the construction loan and act as its agent for disbursement of funds under the construction loan agreement.

Georgia is among the states which hold that money or an instrument evidencing an indebtedness may be the subject of an escrow.[2]

> In order to create a valid and binding escrow, it is necessary that there be an actual contract between the parties at interest, a proper subject-matter, and an absolute deposit of an instrument with a depositary acting for the parties, by which it passes beyond the control of the depositor to withdraw the deposit on the performance or happening of the agreed conditions of the escrow.[3]

Early in Georgia's legal history, it was held: "In every case of an escrow there is a contract and privity between the grantor and grantee. The [depositary] is, by mutual agreement, constituted the

---

[2] *Williams v. Northside Realty Assoc.*, 116 Ga. App. 253, 254 (157 SE2d 166) (1967).
[3] *Fulton Land Co. v. Armor Insulating Co.*, 192 Ga. 526, 527 (1) (15 SE2d 848) (1941).

agent of both parties."[4] It was later recognized, however, that strictly speaking, "the depositary is not an agent at all, but rather the trustee of an express trust with duties to perform for each of the parties, which duties neither can forbid without the consent of the other."[5] "No precise form of words is necessary to constitute an escrow. The term 'escrow' need not be used. Merely labeling a specific delivery of property as an escrow does not make it such, nor will misuse of that term in designating an instrument necessarily make it an escrow."[6]

Here, the construction loan agreement provided for the disbursement of funds by the lender or its agent subject to conditions imposed solely for the benefit of the lender and which could therefore be waived by the lender. There is no language whatsoever in the agreement that is legally sufficient to establish an escrow agency within the meaning of Georgia law or to impose upon the lender's agent the duties of an escrow agent.[7] Under these circumstances, the law will not create such an undertaking.[8] In addition, it appears without dispute that an express contract existed between the parties, and "there cannot be an express and implied contract for the same thing existing at the same time between the same parties."[9] And because TKSP's representation of Republic as an agent was disclosed to the Rogans in any event, TKSP is not liable to the Rogans on a breach of contract theory.[10] For these reasons, the trial court did not err in granting TKSP's motion for summary judgment on the Rogans' breach of contract claims. The Rogans' remaining claims for breach of fiduciary duty, breach of trust, and conversion are derivative of their breach of contract claims and likewise fail.

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 18, 2008 —
RECONSIDERATION DENIED OCTOBER 14, 2008.

*Belli, Weil, Grozbean & Davis, Douglas J. Davis*, for appellants.

---

[4] *Wellborn v. Weaver*, 17 Ga. 267, 275 (1855).

[5] *Carter v. Turbeville*, 90 Ga. App. 367, 370-371 (1) (a) (83 SE2d 72) (1954) (citation and punctuation omitted).

[6] 28 AmJur2d Escrow § 3, p. 6 (1966).

[7] Although Republic and the Rogans entered into other agreements (i.e., a job progress report, a standard form agreement), neither one is in the record.

[8] See *Hill v. Daniel*, 52 Ga. App. 427, 429 (183 SE 662) (1936).

[9] *Wingate Land &c. v. Robert C. Walker, Inc.*, 252 Ga. App. 818, 821 (1) (558 SE2d 13) (2001) (punctuation and footnote omitted).

[10] See *Pearl Assurance Co. v. Bernath*, 185 Ga. 737 (2) (196 SE 389) (1938).

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Drew, Eckl & Farnham, Paul W. Burke*, for appellees.