77827, 77828. TWIN OAKS ASSOCIATES v. DeKALB VENTURE, LTD.; and vice versa.
(380 SE2d 469)

CARLEY, Chief Judge.

Twin Oaks Apartments Associates (Twin Oaks) purchased an apartment complex. In connection with the purchase, Twin Oaks executed a promissory note and deed to secure debt. The note that was executed by Twin Oaks provided for a prepayment penalty. Subsequently, Twin Oaks sold the apartment complex. Twin Oaks financed this sale, taking back a wraparound promissory note and deed to secure debt executed in its favor. Thereafter, the apartment complex was bought and sold several times, each sale being subject to Twin Oaks' wraparound note and deed to secure debt. Eventually, the apartment complex was purchased by DeKalb Venture, Ltd. (DeKalb Venture). When DeKalb Venture elected to make an early pay-off of the wraparound note, a dispute arose as to whether DeKalb Venture would be obligated to pay a prepayment penalty. When Twin Oaks refused to cancel its deed to secure debt without receipt of the prepayment penalty, DeKalb Venture acquiesced in the demand and paid the penalty.

Thereafter, DeKalb Venture brought suit against Twin Oaks, seeking to recover the prepayment penalty. Twin Oaks answered, denying the allegations of the complaint. After a period of discovery, cross-motions for summary judgment were filed. The trial court, after conducting a hearing, denied both motions, but certified its order for immediate appellate review. These appeals result from the grant of Twin Oaks' and DeKalb Venture's applications for an interlocutory appeal from the denial of their respective motions for summary judgment.

1. DeKalb Venture enumerates as error the denial of its motion for summary judgment, urging that no genuine issue remains as to its right to prepay the wraparound note without penalty.

The wraparound notes provided, in pertinent part, as follows: "The indebtedness evidenced hereby may be prepaid in whole or in part at any time without premium, penalty or unearned interest of any kind whatsoever (except as hereinafter provided to the contrary), in accordance with . . . the following provisions: . . . . By paying [Twin Oaks] the then outstanding principal amount evidenced hereby, together with all accrued and unpaid interest owing hereunder, whereupon [Twin Oaks] shall remit to the holder or holders of the Retained Debt an amount sufficient to pay the Retained Debt in full at that time, including any and all prepayment penalties, premiums and charges of any kind whatsoever which may be incurred in connection therewith, and shall obtain from said holder or holders the Prior Note marked 'paid' and all instruments securing same marked 'cancelled' (which undersigned shall be entitled to have cancelled of record.) [Twin Oaks] shall also promptly mark this Note 'paid' and shall cancel the Wrap Around Deed to Secure Debt and all other instruments securing this Note and return same to undersigned. . . ."

Twin Oaks urges that the penalty incurred for the prepayment of the "Retained Debt" evidenced by the note that it executed is to be construed as a part of the "outstanding principal amount . . . [and the] accrued and unpaid interest" which was owed by DeKalb Venture on the wraparound note and that, in order to obtain the cancellation of the deed to secure debt, DeKalb Venture was obligated to pay that prepayment penalty. In construing contracts, however, "the language used must be afforded its literal meaning and plain ordinary words given their usual significance. [Cit.]" *R. S. Helms, Inc. v. GST Dev. Co.*, 135 Ga. App. 845, 848 (219 SE2d 458) (1975). "If the terms used are clear and unambiguous they are to be taken and understood in their plain, ordinary, and popular sense. [Cits.]" *Henderson v. Henderson*, 152 Ga. App. 846, 847 (1) (264 SE2d 299) (1979). In their plain, ordinary, and popular sense, the terms "outstanding principal" and "accrued interest" do not include the concept of "prepayment penalties." The words that were actually employed evince the clear intent that DeKalb Venture would be required to pay only the outstanding principal and interest owed under the wraparound note and that Twin Oaks would, in turn, be required to satisfy the "Retained Debt," "including any and all prepayment penalties, premiums and charges of any kind whatsoever which may be incurred in connection therewith. . . ." Satisfaction of the wraparound note was the DeKalb Venture's only obligation. Satisfaction of the "Retained Debt" was the obligation of Twin Oaks.

Moreover, a separate provision of the wraparound note provided that DeKalb Venture *would* be obligated to pay a penalty if a *partial* prepayment was made. "It is the cardinal and fundamental rule that in construing contracts the entire writing is to be taken into consider-

ation to ascertain the intent of the parties. . . ." *Cummings v. Cummings*, 89 Ga. App. 529, 531 (80 SE2d 204) (1954). As the wraparound note was worded, the intent could not be more clear that the parties' respective rights and obligations were to be different in the event of the total prepayment of the note from their respective rights and obligations in the event of a partial prepayment. In the event of a partial prepayment, DeKalb Venture, as the obligor, would be liable for the payment of any penalty that was incurred. In the event of a total prepayment it was Twin Oaks, as the obligee, that would be responsible for the resulting penalty.

After applying the applicable rules of contractual interpretation, the proper construction of the wraparound note is that which is advanced by DeKalb Venture.

2. However, the undisputed evidence of record shows that DeKalb Venture's payment of the prepayment penalty was made voluntarily. Accordingly, the penalty is unrecoverable. See generally OCGA § 13-1-13; *Graham v. Cook*, 179 Ga. App. 603, 605 (3) (347 SE2d 623) (1986); *Henson v. Columbus Bank & Trust Co.*, 144 Ga. App. 80, 82 (3) (240 SE2d 284) (1977). It follows that the trial court erred in denying Twin Oaks' motion for summary judgment, but properly denied DeKalb Venture's motion for summary judgment.

*Judgment reversed in Case No. 77827. Judgment affirmed in Case No. 77828. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 28, 1989 —
REHEARING DENIED MARCH 21, 1989 — 

*Glass, McCullough, Sherrill & Harrold, Robert S. Jones, Terrence McQuade, Dinah L. Hamilton*, for appellant.
*DeWitte Thompson, Jefferson B. Slagle*, for appellee.

