A90A0302, A90A0303. MILLER v. JEFF DAVIS APARTMENTS, LTD. II (two cases).
(396 SE2d 494)

COOPER, Judge.

Following a hearing on appellant's and appellee's cross-motions for summary judgment, the trial court denied both motions. We granted appellant's interlocutory appeal from the denial of his motion for summary judgment, and an appeal was timely filed pursuant to OCGA § 5-6-34 (Case No. A90A0302). Appellant also filed what pur-

ports to be an appeal pursuant to OCGA § 9-11-56 (h) (Case No. A90A0303) from the trial court's partial grant of summary judgment to appellee, filing identical enumerations of error. It is clear that the order appealed from in both appeals is the order denying the parties' motions for summary judgment, and both appeals seek a reversal of the trial court's conclusions of law. Therefore, our consideration of Case No. A90A0302 renders Case No. A90A0303 moot and the same is hereby dismissed pursuant to OCGA § 5-6-48 (b) (3).

The dispute between the parties is in the interpretation of a substitution of collateral provision in a wrap-around promissory note and deed to secure debt. In 1980, Robert and Lynn Fritch (the "Fritches") purchased the Jeff Davis Apartments from appellant by executing a wrap-around promissory note ("wrap note") and deed to secure debt ("wrap mortgage") for the principal sum of $600,000.00 at 10% interest per annum. The wrap note provided that $284,274 of the principal represented the unpaid balance due Crown Life Insurance Company, the holder of a senior note ("Crown Life note") and deed to secure debt ("Crown Life mortgage"). The wrap note required that $2,828.10 of each monthly payment owing on the wrap note be applied first to the balance due on the Crown Life note. In 1986, appellee, a limited partnership, purchased the property from Robert Collins Building, Ltd. (not a party to this litigation) subject to the wrap note and mortgage. Appellee missed two monthly installments and appellant filed an action for payment of the past due payments and for the appointment of a receiver to collect rents and profits. Appellee answered and counterclaimed for specific performance of the wrap note and wrap mortgage's provision which authorized prepayment of the note by substituting collateral. The trial court denied appellant's request for a receiver and ordered appellee to pay the balance due on the Crown Life note to appellant and the balance of the wrap note into the registry of the court. The parties then filed motions for summary judgment which the court denied.

1. Appellant enumerates as error the trial court's construction of the substitution of collateral provision. The wrap note provided, in pertinent part, as follows: "(I)n the event Makers desire that the real property securing this Note be released from the lien of the Deed to Secure Debt and Security Agreement, Makers shall establish an escrow account with a national bank designated by Purchasers and deliver to said escrow agent Treasury Bills of the United States Government, or such other similar securities as may be acceptable to Payee, or his assigns. . . . Said securities or certificates shall be deemed substitute collateral for payment of the indebtedness evidenced by this Note. . . . Upon the initial deposit in said escrow account of Treasury Bills or securities equal to the then current principal due and owing, and with such Treasury Bills or securities bearing sufficient interest

to satisfy this Note, the Payee shall then cause the Deed to secure Debt securing this Note, together with the Security Agreement, to be satisfied of record." The wrap mortgage contained substantially the same provision differing only in referring to "Makers" as "Grantors."

Appellee attempted to tender the balance, but the parties disagreed on the effect of payment on the Crown Life note and mortgage. As a result, appellant refused to accept the substitution of collateral. The trial court concluded that because the provision required the debtor to tender an amount equal to the total indebtedness secured by the property, which included the Crown Life note, the "only meaningful construction of this provision requires [appellant] to satisfy of record both the Crown mortgage and the Wrap mortgage upon the proper substitution of collateral." Appellant contends this interpretation was not intended by the original parties to the note. He claims that he and the Fritches intended an installment sale and in the event the Fritches elected to substitute collateral, the Crown Life mortgage would not be satisfied but would continue to be paid from an escrow trust.

" 'If the terms used are clear and unambiguous they are to be taken and understood in their plain, ordinary, and popular sense.' [Cit.]" *Twin Oaks Assoc. v. DeKalb Venture*, 190 Ga. App. 854 (1) (380 SE2d 469) (1989). Utilizing this cardinal rule of construction, the trial court's construction of the provision is to be preferred. It stands to reason that since the value of the Treasury Bills must equal the total indebtedness, which includes the Crown Life note, what is released upon a proper tender should also be of equal value, and that can only mean that both mortgages are to be satisfied. If we were to adopt appellant's interpretation, the option of prepayment would never be exercised because it is highly unlikely that an individual would tender an amount equal to the total indebtedness of a note for only a partial release of the lien. "It is well established that a court should avoid an interpretation of a contract which renders portions of the language of the contract meaningless. [Cit.]" *Board of Regents &c. v. A. B. & E., Inc.*, 182 Ga. App. 671, 675 (357 SE2d 100) (1987). Accordingly, the trial court did not err in its construction.

2. Secondly, appellant contends that the evidence demanded a finding that the parties intended the construction advanced by appellant. This enumeration is without merit. Appellant introduced his affidavit and one given by Mr. Fritch which purport to set forth the clear intention of the parties. While Mr. Fritch's affidavit does indicate that he was under the impression that the Crown Life note would be paid from an escrow trust, appellant's affidavit does not even address the provision and does nothing to refute his deposition testimony which, as noted by the trial court, established clearly that the parties did not negotiate the provision; that appellant did not

know what would happen in the event of a substitution; and that appellant did not discuss the consequences of prepayment of the note with his attorney, nor did he express what his preference would have been. The parties' intention as to the substitution was far from clear. We are bound to construe the evidence in support of the judgment. See *Walker v. Hoover*, 191 Ga. App. 859, 861 (383 SE2d 208) (1989). The trial court did not abuse its discretion in denying summary judgment.

*Judgment affirmed in Case No. A90A0302. Appeal dismissed in Case No. A90A0303. Banke, P. J., and Birdsong, J., concur.*

DECIDED JUNE 20, 1990 —
REHEARING DENIED JULY 30, 1990 — CERT. APPLIED FOR.

*Levine & D'Alessio, Morton P. Levine, Stephen H. Block*, for appellant.

*Smith, Gambrell & Russell, Kenneth L. Millwood, Cullen C. Wilkerson, Robert W. Beynart*, for appellee.