## S92A0255. FRANKLIN v. FRANKLIN.

(416 SE2d 503)

BENHAM, Justice.

We granted appellant Hazel Franklin's application seeking discretionary review of the trial court order holding her in contempt for her failure, as executrix of her late husband's estate, to pay nursing home bills on behalf of appellee Martha Franklin, the former wife of Hazel Franklin's deceased husband.

When the decedent and Martha Franklin were divorced in 1978, Martha was 65 years old and therefore eligible for Medicare benefits. The decedent agreed to pay

> the necessary medical expenses of [Martha] that are incurred in excess of any Medicare claim or entitlement. [Martha] agrees to make whatever claim is necessary for Medicare coverage and apply for any medical reimbursement expense to which she is entitled. [The decedent] agrees that he will pay the excess medical expenses over and above the Medicare payments.[1]

In April 1990, Martha Franklin became a nursing home resident, at a monthly cost of $1,860.

1. We reject appellant's initial argument that the estate is liable only for those medical expenses for which Medicare provides partial payment or reimbursement. Though the settlement provision is ambiguous in this regard, thereby requiring the court to construe it (*Travelers Ins. Co. v. Blakey,* 255 Ga. 699 (342 SE2d 308) (1986)), the rules of contract construction require us to interpret the contract against the decedent, the party who undertook the obligation. OCGA § 13-2-2 (5). We conclude the decedent was responsible for any necessary medical expense incurred by Martha save that portion of charges for which she was entitled to receive reimbursement from Medicare.

2. The issue for decision is whether the monthly nursing home fee constitutes a necessary medical expense for which the decedent's es-

---

[1] The obligations of the divorce judgment and settlement survived the 1984 death of the decedent. See, e.g., *Franklin v. Franklin,* 256 Ga. 61 (344 SE2d 230) (1986).

tate is liable. The charges incurred by Martha for physician care, medicines, and physical therapy are billed separately, and the decedent's estate has paid those bills. The contested monthly charge is a flat fee charged to all residents, regardless of the level of care needed. The fee covers various services, e.g., room and board, nursing care, housekeeping, social activities, for which the nursing home does not make separate and distinct charges.[2]

In *Griffin v. Jefts*, 256 Ga. 635 (352 SE2d 386) (1987), this court held that expenses for equipment or services of a medicinal or therapeutic nature provided in a hospital setting pursuant to a physician's prescription were medical bills for which the minor patient's father was responsible under a divorce decree. It is undisputed that Martha's treating physician, a physician with staff privileges at the nursing home, had Martha admitted as a nursing home resident in need of intermediate care in May 1990. The nursing home administrator described her maladies as, for the most part, "conditions common to aging." The nursing home records indicate that Martha was in need of intermediate care because she could not medicate, groom, bathe, and dress herself, and was in need of 24-hour supervision. The nursing home setting provides personnel who ensure that Martha takes her prescribed medications and eats the prescribed low-sodium, high-protein diet, and who monitor Martha's blood pressure weekly and take a blood count quarterly, pursuant to her physician's orders. Status reports indicate that Martha dresses, grooms, and feeds herself daily, visits with other residents and her family, and participates in the social activities offered by the nursing home. The nursing home's "discharge plan" notes that Martha's family is unable to provide the 24-hour supportive, structured environment she needs.

The trial court concluded that the entire nursing home bill at issue constituted a medical expense for which the decedent's estate was responsible, and held Hazel Franklin in contempt due to her failure to pay the outstanding bills. We conclude, however, that this case is strikingly similar to the factual situation presented in *Griffin*, supra, and requires that the monthly nursing home bill be broken down into two categories: (1) expenses incurred, pursuant to a physician's prescription, in a hospital setting for equipment and services of a medicinal or therapeutic nature, and (2) expenses incurred to provide the ordinary necessities of life. The current state of the record allows us to conclude only that the $90 per month charge for a private room is not a necessary medical expense for which the estate is liable. Since the record needs further development in order to ascertain

---

[2] The record does reflect, however, that $90 of the monthly fee is attributable to Martha's occupancy of a private, rather than a semi-private, room.

what portion of the remaining $1,770 per month fee constitutes a charge for "necessary medical expenses," we remand the case to the trial court.

3. In light of the state of the record and the evolving body of law concerning the question presented by this case to us and to the trial court, we vacate the finding that Hazel acted in contempt of court by failing to pay the nursing home bills at issue here.

*Judgment of contempt vacated and case remanded. Weltner, P. J., Hunt, Fletcher, Sears-Collins, JJ., Judge P. Harris Hines and Judge F. Larry Salmon concur; Clarke, C. J., not participating. Bell, J., disqualified.*

DECIDED MAY 21, 1992.

*Simmons, Warren & Szczecko, M. T. Simmons, Jr., James E. Spence, Jr., for appellant.*

*J. Wayne Moulton, for appellee.*