## S92A1132. FIELDS v. ARMISTEAD.
(420 SE2d 753)

FLETCHER, Justice.

The parties' 1975 consent divorce decree required William M. Armistead, the husband, to pay $25 per week in child support and establish an educational fund in the wife's name "for the benefit of and use for [their son's] educational purposes."[1] After the son turned 18, Deborah Fields moved for contempt for Armistead's failure to pay any amount into the educational fund. The trial court denied the motion, holding the provision was void for indefiniteness and vagueness. We reverse.

A contract between a husband and wife in a divorce case is subject to the usual rules for construction of contracts. *Brown v. Farkas*, 195 Ga. 653 (25 SE2d 411) (1943). The cardinal rule of construction is to ascertain the intention of the parties, which is determined from consideration of the entire contract. *McCann v. Glynn Lumber Co.*, 199 Ga. 669 (34 SE2d 839) (1945). The testimony of both parties shows they intended to establish an education fund to finance their son's college education. For example, Armistead testified that he consented to the divorce decree, wanted to pay for his son's college education when he signed the decree, and knew the decree contained a provision for an education fund. Moreover, his low child support obligation appears to have taken into account his agreement to set aside money for his child's education.

Unlike the trial court, we conclude the provision establishing a fund to use for the child's "educational purposes" is valid and enforceable. Cf. *Robinson v. Robinson*, 242 Ga. 698 (251 SE2d 287) (1978) (holding agreement to pay for education expenses after high school not vague); *Norrell v. Norrell*, 236 Ga. 797 (225 SE2d 305) (1976) (holding requirement to "pay tuition for the children as they reach college age" not vague). Armistead's obligation to make payments to the education fund, however, ended when his son reached 18 because he did not agree expressly that the education payments would continue beyond the child's majority. See *Marshall v. Marshall*, 262 Ga. 443 (421 SE2d 71) (1992); *Clavin v. Clavin*, 238 Ga. 421, 423 (233 SE2d 151) (1977); *Golden v. Golden*, 230 Ga. 867 (199 SE2d 796) (1973). Nevertheless, Armistead remains responsible for

---

[1] Specifically, the divorce decree states:

The Defendant shall also establish, not later than three years from this date, an educational fund in the name of "Deborah Moreland Armistead for the benefit of and use for Joseph Mic[hae]l's educational purposes." The Defendant shall, upon creating said fund, pay sum of $50 on the 1st day of each month into said fund. Beginning three years after said fund is established the Defendant shall increase the monthly payments to $100 per month . . . contingent upon the defendant earning or receiving not less than gross salary per year of $9,600.

the amounts that he agreed to pay into the education fund while his son was a minor. See *Ritchea v. Ritchea*, 244 Ga. 476 (260 SE2d 871) (1979). We remand this case for reconsideration of the contempt motion.

*Judgment reversed and remanded. Clarke, C. J., Bell, P. J., Hunt, Benham and Sears-Collins, JJ., concur.*

DECIDED OCTOBER 2, 1992.

*Walker & Bailey, David S. Walker, Jr.,* for appellant.
*Wetzel & Carroll, Michael L. Wetzel,* for appellee.