A01A1852. SWISSHELM v. DEPARTMENT OF HUMAN
RESOURCES et al.
(560 SE2d 722)

RUFFIN, Judge.

The divorce decree of Michael Alan Swisshelm and his former wife incorporated an agreement requiring Swisshelm to provide continued child support if either of their two "children continue[d] their education after high school." The Georgia Department of Human Resources ("DHR") filed the instant petition to force Swisshelm to comply with the provision while his son was enrolled in the United States Air Force Academy. Rejecting Swisshelm's contention that the provision was unenforceable because his son was emancipated, the trial court ordered the father to provide the support. We granted Swisshelm's application for discretionary appeal, and for reasons that follow, we affirm the trial court's ruling.

The agreement at issue contains two separate paragraphs governing Swisshelm's child support obligations. The first paragraph, titled "CHILD SUPPORT," provides in part:

> The Husband agrees to pay to the Wife as child support, the sum of $300.00 per month per child for a total obligation of $600.00 per month. . . . The Husband['s] obligation to pay child support shall continue until such time as each child attains the age of eighteen (18), dies, marries, joins a branch of the Armed Forces or is otherwise self supporting.

The second paragraph, titled "POST HIGH SCHOOL EDUCATION," provides:

> The Husband agrees that if the children continue their education after high school, he will continue to provide child support for each child who does so at $300.00 per month per child. Such support shall continue until that child either receives an undergraduate degree or reaches age 22, whichever occurs first.

In this case, Swisshelm's son turned 18, graduated from high school, and enrolled in the Air Force Academy. As a consequence of his enrollment, the son joined the United States Air Force and receives a monthly salary. While the son does not pay tuition to attend the academy, his salary was initially offset by a $5,000 charge for uniforms. In addition, the son was required to pay a $2,500 admission fee, and he must pay for books.

Swisshelm asserts that these facts establish that his son became emancipated when he enlisted in the Air Force, and the agreement, therefore, relieved him of the obligation to pay support while the son attends the academy. We disagree.

It is important to note that we are not dealing with Swisshelm's statutory duty to educate his son during minority,[1] but rather his private support agreement which is construed according to "the usual rules for construction of contracts. The cardinal rule of construction is to ascertain the intention of the parties, which is determined from consideration of the entire contract."[2] In considering the agreement, a court must generally apply the usual and common meaning to its terms and construe it in such manner that will uphold it entirely, without rendering any of the language meaningless.[3] Finally, "under general rules of contract construction, a limited or specific provision will prevail over one that is more broadly inclusive."[4]

Although the contract here generally terminates Swisshelm's support obligations when his children turn 18, die, marry, or become emancipated,[5] Swisshelm specifically agreed to "continue to provide child support" if either of his "children continue their education after high school." Under the agreement, Swisshelm's continued educational support obligation is terminated only if the "child either receives an undergraduate degree or reaches age 22, whichever occurs first." The agreement simply does not sustain Swisshelm's attempt to stack the five events that terminated his general support obligation on top of the only two events that would terminate his obligation to provide continued educational support. More specifically, there is no indication that the parties intended to terminate the father's continued educational support obligation if the child

---

[1] See OCGA § 19-7-2.

[2] (Citation omitted.) *Fields v. Armistead*, 262 Ga. 439 (420 SE2d 753) (1992).

[3] OCGA § 13-2-2 (2), (4); *Miller v. Jeff Davis Apts.*, 196 Ga. App. 600, 602 (1) (396 SE2d 494) (1990).

[4] *Schwartz v. Harris Waste Mgmt. Group*, 237 Ga. App. 656, 661 (2) (516 SE2d 371) (1999).

[5] We note that this provision merely restates Swisshelm's statutory duty to support his son until he "reaches the age of majority, dies, marries, or becomes emancipated, whichever first occurs." OCGA § 19-7-2.

becomes emancipated. The specific terms of the agreement prevail over its general terms.[6]

Furthermore, the parties must have intended that the general provision terminating Swisshelm's support obligations would be controlled by his agreement to provide continued educational support; otherwise, the latter provision would be rendered meaningless.[7] Indeed, if the general support provision controlled the more specific educational support provision, as urged by Swisshelm, he would have no obligation to provide post-high school support once his children turned 18. Barring exceptional circumstances, we cannot envision how a child might obtain an undergraduate degree before his or her eighteenth birthday. Moreover, it would be impossible for a child to continue his or her education and reach age 22, before turning 18. Thus, it does not matter that Swisshelm's son turned 18, joined the military, and became self-supporting. Swisshelm agreed that he would provide support if his son continued his education after high school, which is exactly what he did. This agreement is enforceable.[8]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 19, 2002.

*Surrett & Coleman, Carl J. Surrett, Edward J. Coleman III*, for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Katherine S. Davis, Assistant Attorney General, James M. Spence*, for appellees.

---

[6] See *Schwartz*, supra.

[7] See *Miller*, supra.

[8] See *McClain v. McClain*, 235 Ga. 659, 660-661 (1) (221 SE2d 561) (1975) (enforcing divorced father's agreement to provide his daughter with a college education, notwithstanding the fact that he was no longer otherwise obligated to support her); see also *Robinson v. Robinson*, 242 Ga. 698 (251 SE2d 287) (1978) (enforcing father's agreement to "assume[ ] the additional obligation of paying the expenses of educating his children after high school"); cf. *Fields*, supra (holding that father's "obligation to make payments to the education fund . . . ended when his son reached 18 because he did not agree expressly that the education payments would continue beyond the child's majority").