A04A0352. TOWER PROJECTS, LLC v. MARQUIS TOWER, INC. et al.
(598 SE2d 883)

ADAMS, Judge.

Tower Projects, LLC, as lessee, and Marquis Tower, Inc., as lessor, entered into a Lease for the "footprint of the advertising display to be constructed by [Tower Projects] on the roof" of a structure owned by Marquis. Pursuant to the Lease, Tower Projects constructed a billboard on the premises. On September 24, 2002, Marquis notified Tower Projects that the billboard was interfering with the cellular antennae located on the roof, and Tower Projects had 15 days after receipt of the notice to correct the interference or the Lease would be cancelled. On October 9, 2002, Marquis notified Tower Projects of its intention to terminate the Lease at midnight and demanded possession of the premises. On October 11, 2002, Tower

---

[4] See generally id.

Projects filed a petition against Marquis and Southern Communication Services, Inc. d/b/a Southern Linc, the cellular antennae operator, for declaratory judgment, temporary and permanent injunctive relief, and damages for breach of contract.

In its petition, Tower Projects contended that it was not in default under the Lease, and that there was an actual and justiciable controversy between Tower Projects and Marquis as to whether the Lease remained in full force and effect. Marquis counterclaimed for damages and a writ of possession. The trial court subsequently granted partial summary judgment to Marquis on Tower Projects' claims for temporary and permanent injunctive relief and breach of contract. The trial court also granted summary judgment to Marquis on its claim for a writ of possession. On appeal, Tower Projects claims that the trial court erred in ruling there was no genuine issue of material fact as to (i) whether Marquis' termination of the Lease was valid and (ii) whether Tower Projects had been unreasonably prevented from curing its alleged default under the Lease. For reasons which follow, we disagree and affirm.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). A defendant carries this burden by demonstrating the absence of evidence as to one essential element of the plaintiff's case. Should the defendant do so, the plaintiff "cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue." Id. Our review is de novo. *Walker v. Virtual Packaging*, 229 Ga. App. 124 (493 SE2d 551) (1997).

1. Tower Projects claims the trial court erred in concluding that there was no question of material fact as to whether Marquis properly terminated the Lease. The evidence shows that the Lease obligated Tower Projects not to interfere with the cellular antennae located on the roof of the premises; Tower Projects' billboard interfered with the reception of the cellular antennae located on the roof and operated by Southern Linc; and the interference was not cured before the date of the Lease termination. Under these facts, whether Marquis properly terminated the Lease depends on whether Marquis was required to give 15 days notice before terminating the Lease, as provided by Paragraph 1 of the Lease and which is the notice period given in Marquis' September 24, 2002 letter, or 30 days, as provided by Paragraph 12. The applicable portions of the two paragraphs provide:

1. *Premises.* Lessor does herewith lease to Lessee a portion of the roof area . . . except for such portion of the roof

area currently leased for cellular antennae or towers . . . ; Lessee agrees to take no action to interfere with the operation of said cellular antennae or towers, and any interference with the operation of the existing or any future cell antennae or towers uncured by Lessee within 15 days after notice from Lessor will give Lessor the right to cancel this Lease.

12. *Miscellaneous* . . . (g) upon any default by Lessee hereunder, after 30 days notice and opportunity to cure, the Lessor may thereafter terminate this Lease and/or seek any legal remedies available.

The trial court held that Paragraph 1 of the Lease controlled over Paragraph 12. We agree. "We should avoid any construction that renders portions of the contract language meaningless. . . . [W]hen a provision specifically addresses the issue in question, it prevails over any conflicting general language." *Deep Six, Inc. v. Abernathy*, 246 Ga. App. 71, 74 (538 SE2d 886) (2000). See also *Swisshelm v. Dept. of Human Resources*, 253 Ga. App. 816, 817 (560 SE2d 722) (2002). Paragraph 1 specifically addresses a cancellation of the Lease in the case that Tower Projects has interfered with cellular antennae, which was the case here. Paragraph 12 is more general and nonspecific. If the longer notice period of Paragraph 12 applied to the notice period at issue here, then Paragraph 1 would arguably never apply, and this is a disfavored result. It follows that the 15-day notice period of Paragraph 1 controlled, and timely notice of cancellation was given under the Lease.

Tower Projects nevertheless contends that the Lease is ambiguous and should be construed in its favor as lessee. See *Farm Supply Co. of Albany v. Cook*, 116 Ga. App. 814, 818-819 (2) (159 SE2d 128) (1967) (lease contracts generally construed against the lessor). In our view, however, neither Paragraph 1 nor Paragraph 12 is ambiguous, and our holding that a specific contract provision governs over a general contract provision does not invoke the analysis which would be required if the Lease was ambiguous. See *Estate of Sam Farkas v. Clark*, 238 Ga. App. 115, 120 (2) (517 SE2d 826) (1999) (in analysis, court first determined that contract was not ambiguous, and then found specific provision prevailed over general provision).

Tower Projects also points to the lessor's right to "seek any remedies available" after giving the notice in Paragraph 12, language that is not included in Paragraph 1. Tower Projects contends that Paragraph 12 is therefore more specific than Paragraph 1 with respect to Marquis' remedies and thus would apply to any action, such as Marquis' counterclaim, in which Marquis asserts remedies.

We disagree. Logically, either Paragraph 1 or Paragraph 12 controlled the cancellation notice period. Because we have found that Paragraph 1 applied, the language in Paragraph 12 referring to the lessor's right to seek remedies after giving 30 days notice is simply not applicable.

2. Tower Projects contends the trial court erred in ruling that there was no issue of material fact as to whether it has been unreasonably prevented from curing its alleged default under the Lease. Evidence shows that Tower Projects was aware no later than March 2002 that its billboard interfered with the operation of Southern Linc's antennae. That same month, Southern Linc and Tower Projects discussed alleviating the problem by relocating Southern Linc's antennae to the top of the billboard upon Tower Projects meeting certain preconditions, such as Federal Aviation Administration approval and provision of an engineering report confirming the structural integrity of the roof, none of which preconditions were shown to be unreasonable and none of which were met by Tower Projects until after the Lease was cancelled in October 2002. We conclude that there is no evidence to support a finding that either Southern Linc or Marquis Towers unreasonably prevented Tower Projects from curing its default under the Lease.

*Judgment affirmed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED APRIL 22, 2004.

*Fine & Block, Kenneth I. Sokolov,* for appellant.
*Weissman, Nowack, Curry & Wilco, Jeffrey H. Schneider, Scott A. Johnson,* for appellees.